# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT NASHVILLE
## Assigned on Briefs March 12, 2025

## STATE OF TENNESSEE v. JOSEPH GEORGE SCHENCK

**Appeal from the Circuit Court for Rutherford County
Nos. 86066, 86542, 89169, 89147 Barry R. Tidwell, Judge**

———————————————————

**No. M2024-01125-CCA-R3-CD**

———————————————————

The Petitioner, Joseph George Schenck, appeals the trial court's summary denial and dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentence is illegal because he did not sign the circuit court judgment forms and it was neither explained to him nor announced on the record that he was required to serve 75% of his sentence before he was eligible for work release, furlough, trusty status, or rehabilitative programs. Upon review, we affirm the judgment of the trial court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., and JEFFREY USMAN, Sp. J., joined.

Barbara Penland-LaFevers, Murfreesboro, Tennessee, for the petitioner, Joseph George Schenck.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilbur, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and Allyson S. Abbott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Some context is necessary to understand the underlying premise of the claims raised by the Petitioner in this case. The Petitioner entered three sets of guilty pleas: the first in general sessions court and the second and third set in circuit court. Regarding the general sessions court convictions, the record shows that on June 6, 2016, the Petitioner entered a guilty plea in case number 388204 to DUI, first offense, and received a "partially

suspended sentence" of eleven months and twenty-nine days. The judgment form for the DUI, first offense, also reflects that the Petitioner was required to serve thirty-five days, pay a $350 fine, report to the Rutherford County Work Center on July 6, 2016, and other special conditions. The record also includes an "Acknowledgement and Waiver of Rights" and a "DUI Admonition," signed by the Petitioner and advising the Petitioner of the penalties for subsequent convictions of a DUI. On November 6, 2019, the Petitioner entered a guilty plea to DUI, second offense, in case number 435333-01, and received a "partially suspended sentence" of forty-five days "to serve" with the remainder to be served on supervised probation for "eleven months and five days" including twenty-eight days of jail credit. Handwritten on the side of the judgment form is a notation that the Petitioner was to serve twenty-five days at the Rutherford County Adult Detention Center (RCADC) and then be furloughed to serve twenty-eight days in inpatient rehabilitation. The judgment form reflects this sentence was to be served concurrently with "[a]ll [c]ases" and includes other special conditions. The Petitioner also signed another form acknowledging the penalty for subsequent DUI convictions and waiver of his rights. The general sessions judgment forms for these DUI convictions did not include sentencing language requiring the Petitioner to serve 75% of his sentence before eligibility for work release, furlough, trusty status, or rehabilitative programs. The Petitioner was also later charged with public intoxication in case number 450270, which was dismissed on July 13, 2021. On April 14, 2022, the general sessions court entered an order violating the Petitioner's probation in cases 388201, 435333-01, and 450270. The order reflects that the Petitioner agreed to the revocation of his probation, that it was his third violation of probation, and it required the Petitioner to serve thirty days at the RCADC "day for day" beginning on May 14, 2022. Upon completion of the thirty days in RCADC, the Petitioner's probation was to be terminated.[1]

Regarding the circuit court convictions, the record reflects that on October 5, 2021, in case number 86066, the Petitioner was indicted for violating bond conditions (count one), violation of an order of protection (count two), two counts of harassment (counts three and four), filing a false police report (count five), and misuse of 911(count six). On January 4, 2022, the Petitioner was also indicted for violation of an order of protection in case number 86542. On April 14, 2022, the Petitioner entered a guilty plea to counts one, three, six, and case number 86066. Counts two, four, and five of case number 86066 were dismissed. For count one, the Petitioner received a suspended sentence of eleven months and twenty-nine days to be served consecutively to case number 86542. For count three, the Petitioner received a suspended sentence of eleven months and twenty-nine days to be served consecutively to count one. For count six, the Petitioner received a sentence of thirty days unsupervised probation to be served concurrently with all other counts. For

---

[1] The judgment form for case 86542 incorrectly refers to general sessions case 435333-01 as "435331-1."

case number 86542, the Petitioner received a sentence of eleven months twenty-nine days supervised probation to be served consecutively to general sessions court cases 388204, 435333-01, and 450270. A suspended sentence order was entered by the circuit court and signed by the Petitioner allowing the Petitioner to serve thirty-five months and twenty-seven days of county supervised probation. The circuit court judgment forms in cases 86066 and 86542 were signed by the judge, Petitioner's counsel, and contained language that required the Petitioner to serve 75% of his sentence prior to eligibility for work release, furlough, trusty status, or rehabilitative programs.

On March 2, 2023, the Petitioner was indicted for domestic assault in case 89169 and violation of an order of protection in case 89147. On July 19, 2023, the Petitioner entered a guilty plea for both charges and received a concurrent term of eleven months and twenty-nine days in confinement for each case. Case number 89169 was ordered to be served concurrently to cases 86066 and 86542, and case number 89147 was ordered to be served consecutively to cases 86066, 86542, and 89113. The circuit court entered a suspended sentence order allowing the Petitioner to serve twenty-three months and twenty-eight days of county-supervised probation in lieu of twelve months and twenty-nine days of incarceration for violating the order of protection in case 89147. The judgment forms for cases 89169 and 89147 were signed by the Petitioner and contained language that required the Petitioner to serve 75% of his sentence prior to eligibility for work release, furlough, trusty status, or rehabilitative programs. On the same day, a violation of probation order was entered revoking the Petitioner's probation in cases 86066 and 86542 and requiring him to serve the sentence originally imposed of thirty-five months and twenty-seven days in RCADC.

On February 15, 2024, the Circuit Court for Rutherford County received a letter from the Petitioner requesting the court to review his case. The court entered a preliminary order noting that it treated the letter as a petition for post-conviction relief and appointed counsel to represent the Petitioner because it found that the petition presented a colorable claim. On March 18, 2024, the Petitioner amended his petition, asserting that his convictions in cases 86066, 86542, 89169, 89147, and 89113 were based on the entry of an involuntary guilty plea and that the Petitioner was denied effective assistance of counsel. The State filed a response in opposition to the petition, and the Petitioner filed a second amended petition, alleging the same claims.

On May 30, 2024, the Petitioner filed a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1 for circuit court cases 86066, 86542, 89169, 89147, and 89113. In his motion, the Petitioner claimed that the judgment forms were erroneous because it was not explained to the Petitioner nor announced on the record that he was required to serve 75% of his sentence before he was eligible for work release, furlough, trusty status, or rehabilitative programs. The Petitioner further averred that a

misdemeanor judgment form will normally be left blank instead of including language requiring a defendant to serve a minimum amount for eligibility for work release, furlough, trusty status, or rehabilitative programs.

On July 18, 2024, the trial court entered an order summarily denying and dismissing the Petitioner's motion to correct an illegal sentence. In denying relief, the trial court addressed the circuit court convictions only. The court concluded that the sentence election at 75% for the circuit court judgments was permissible under Tennessee Code Annotated section 40-35-302(d) and that the Petitioner's claim that he was not informed of the percentage he was required to serve was "not cognizable under Rule 36.1, but [was] more akin to a claim for ineffective assistance of counsel, to which the [Petitioner could] seek a remedy under the Post-Conviction Relief Act." It is from this order that the Petitioner now appeals.

## ANALYSIS

As an initial matter, the Petitioner recognizes in his brief that the foundation of the alleged illegality involved in this case, the absence of the 75% service from the general sessions court misdemeanor judgment forms, occurred "many years ago." Because his post-conviction remedies have expired, the Petitioner asserts he is without a viable remedy to challenge his sentence and relies on Rule 36.1 to correct the judgments in this case. Regarding his sentences in the general sessions court cases, the Petitioner notes that the judgment forms lack the condition that he serve 75% of his sentence before eligibility for work release, furlough, trusty status, or rehabilitative programs. Ultimately, the Petitioner asserts that the sentences in his circuit court cases are illegal because the misdemeanor judgment forms reflect that he was required to serve 75% of his sentence before eligibility for work release, furlough, trusty status, or rehabilitative programs and that he was not advised of this condition during the entry of the guilty pleas for the general sessions court cases nor was the condition included in the general session misdemeanor judgment forms. Because the misdemeanor judgment forms in general sessions court were "inconsistent" with the misdemeanor judgment forms from circuit court, the Petitioner insists he "received a much stricter sentence" in the circuit court cases. See Tenn. Code Ann. §40-35-302(d) ("If no percentage is expressed in the judgment, the percentage shall be considered zero percent (0%)"). Based on this inconsistency, the Petitioner argues that any subsequent sentencing is illegal because the later judgments are "predicated upon an illegal sentence." Additionally, the Petitioner submits that his circuit court sentences are illegal because he did not sign the judgment forms. See Tenn. R. Crim. P. 11(e). Given the difference between the general sessions and circuit court misdemeanor judgment forms and the fact that the circuit court judgment forms were unsigned, the Petitioner avers that he did not enter knowing and voluntary guilty pleas to the circuit court cases. The State responds that

- 4 -

a judgment is not void just because a defendant does not sign it, and that the Petitioner fails to raise a cognizable claim under Rule 36.1.  We agree with the State.

Pursuant to Tennessee Rule of Criminal Procedure 36.1, a defendant may file a motion to correct an illegal sentence at any time before the sentence expires.  Tenn. R. Crim. P. 36.1(a)(1).  "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).  "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion."  Tenn. R. Crim. P. 36.1(b)(2).  A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1."  State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).  Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo.  Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

In State v. Wooden, the Tennessee Supreme Court recognized that "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal."  Id. at 595 (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)).  The court held that sentencing errors could be divided into three categories—clerical errors, appealable errors, and fatal errors.  Id.  The court emphasized that only fatal errors are "'so profound as to render the sentence illegal and void.'"  Id. (quoting Cantrell, 346 S.W.3d at 452).  This category consists of sentences not authorized by the applicable statutes or sentences that directly contravene an applicable statute.  Id. (citing Tenn. R. Crim. P. 36.1(a)(2); Cantrell, 346 S.W.3d at 452).  Included in the category of fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses."  Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010).

Taking the Petitioner's assertions in the motion as true and viewing them in a light most favorable to him, we conclude that he has failed to present a colorable claim for correction of an illegal sentence.  As an initial matter, the Petitioner's motion to correct an illegal sentence did not allege any illegality based on the lack of his signature on the judgment forms, and the order denying and dismissing the Petitioner's motion did not provide a ruling on this issue.  Accordingly, this issue is waived because it is being raised for the first time on appeal.  See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court.").  Waiver notwithstanding, the Petitioner asserts that the lack of his signature on the judgment forms for the first set of circuit court cases, 86066 and 86542, "set into motion the trajectory

of future illegal violations" because Rule 11(e) of the Tennessee Rules of Criminal Procedure requires judgment forms to be signed by the defendant. We disagree.

Rule 11 of the Tennessee Rules of Criminal Procedure provides the framework for acceptance of a guilty plea. Section (e) of Rule 11, entitled "Record of Proceedings and Written Plea" states:

> There shall be a verbatim record of the proceedings at which the defendant enters a plea. If there is a plea of guilty or nolo contendere, the record shall include the inquiries and advice to the defendant required under Rule 11(b) and (c). The plea of guilty or nolo contendere shall be reduced to writing and signed by the defendant.

Tenn. R. Crim. P. 11(e). In addition, Tennessee Code Annotated section 40-35-209(e) sets forth the requirements for filing a uniform judgment document following a criminal conviction. The Code provides, "[I]f not signed by the parties, the clerk shall make a copy of the document available to the parties before entry by the court[.]" Tenn. Code Ann. § 40-35-209(e)(1). The Code then lists the information that shall be included in the uniform judgment document. Id. § 40-35-209(e)(1)(A)-(S). Tennessee Supreme Court Rule 17 provides that the uniform judgment document "shall contain all of the information required by Tenn. Code Ann. § 40-35-209(e)." The uniform judgment document for the use of all trial judges of courts of record for convictions in all cases falling within the Tennessee Criminal Sentencing Reform Act of 1989 also includes a line for defense counsel or the defendant's signature with the word "optional" in parentheses. Finally, the Tennessee Rules of Criminal Procedure provide, "A judgment of conviction shall be signed by the judge and entered by the clerk." Tenn. R. Crim. P. 32(e)(1).

We are unable to conclude that the lack of the Petitioner's signature on the circuit court judgment forms rendered the judgments illegal. In context with the above authority, Rule 11(e) refers to the plea agreement and not the judgment form. The record shows the Petitioner's trial counsel signed the judgment forms in cases 86066 and 86542, and the judgment forms state that a defendant's signature is optional. See Tenn. Sup. Ct. Rule 17. Accordingly, the Petitioner is not entitled to relief.

Next, the Petitioner contends that his circuit court sentences are illegal because it was neither explained to him nor announced on the record that he was required to serve the sentences at the heightened percentage rate of 75%. Tennessee's sentencing statute provides that a judge is required to put a percentage on the judgment form:

> (d) In imposing a misdemeanor sentence, the court shall fix a percentage of the sentence that the defendant shall serve. After service of such a percentage

of the sentence, the defendant shall be eligible for consideration for work release, furlough, trusty status and related rehabilitative programs. The percentage shall be expressed as zero percent (0%), ten percent (10%), twenty percent (20%), thirty percent (30%), forty percent (40%), fifty percent (50%), sixty percent (60%), seventy percent (70%), seventy-five percent (75%), eighty percent (80%), ninety percent (90%), or one hundred percent (100%). If no percentage is expressed in the judgment, the percentage shall be considered zero percent (0%). . . .

Tenn. Code Ann. § 40-35-302(d). We hold that the trial court's inclusion of the 75% language on the judgment form was authorized under the statute because it is within the sentencing guidelines. See id. Additionally, the Petitioner's claim that the 75% language was not explained to him nor announced on the record is not cognizable under Rule 36.1. See Tenn. R. Crim. P. 36.1(a)(2). We agree with the trial court's determination that it is more akin to a claim of ineffective assistance of counsel, for which the Petitioner may seek relief under the Post-Conviction Relief Act. The Petitioner has failed to show that the sentences imposed by the trial court were not authorized by statute or directly contravened by an applicable statute. Because the Petitioner has failed to state a colorable claim that his sentence is illegal, we affirm the trial court's summary denial of the motion.

## CONCLUSION

Based on the foregoing reasoning and analysis, we affirm the judgment of the trial court.

s/ Camille R. McMullen_____

CAMILLE R. MCMULLEN, PRESIDING JUDGE

- 7 -